KELSEY, J.,-
concurring in result only.
This case can be resolved easily and expeditiously under well-settled precedent. The Diocese asserted the common-good principle as a foundational religious tenet supporting its vaccination requirement. The law does not require the Diocese to defend or substantiate - its beliefs, but the Diocese indicated that it derived this tenet from well-known Biblical admonitions to elevate the interests of others above one’s own. See, e.g„ Leviticus 25:35 (imposing obligation to relieve the poverty of others); Matthew 7:12 (articulating the “Goldeh Rule” of giving others the same consideration and treatment you would want to receive); Matthew 22:37-39 (commanding to love others as much as self); Philippians 2:1-8 (admonishing to consider' others more important than self). See Gwyneth A. Spaéder, The Moral Obligation to Vaccinate: Autonomy and the Common Good, Nat’l Cath. Bioethics Q., Summer 2016, at 245, 245, 247.
Although a vaccination requirement may create a moral dilemma for Catholics and others who oppose the development of vaccines using cell lines from tissue harvested from abortions—see id. at 249-51—that was not Mr. Flynn’s objection.. Mr. Flynn disagreed with the Diocese’s common-good tenet, instead asserting his contrary belief in the supremacy of what he considered a faith-based “well-formed consciences of parents” right with respect to matters involving their children, particularly introducing foreign substances into their children’s bodies. Mr. Flynn also argued that the availability of a statutory exemption from vaccination under section 1003.22(5)(a) of the Florida Statutes trumped the Diocese’s First-Amendment rights.
The trial court correctly refused to become entangled in this dispute. Our Constitutional protections according to their plain meaning and longstanding application do not allow the'government to reject a religious tenet or re-label it as secular in order to subject a religious institution or an individual to government control. Amend. 1, U.S. Const. (embodying Free-Exercise Clause and Establishment Clause); Malicki v. Doe, 814 So.2d 347, 355-56, 360 (Fla. 2002) (recognizing prohibition of government and judicial entanglement in matters of church governance, faith, and doctrine); Malichi v. Archdiocese of Miami, 945 So.2d 526, 529 (Fla. 1st DCA 2006) (enforcing church autonomy doctrine).